IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. )<br>JAKE SIMMONS, )<br>)<br>Petitioner, )<br>v. )<br>)<br>GREG SCOTT, Acting Director, Rushville )<br>Treatment and Detention Facility, )<br>)<br>Respondent. ) | No. 13 C 3370<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Petitioner Jake Simmons has filed a pro se petition for habeas corpus relief pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. For the reasons discussed below, the habeas petition is denied, and the court declines to issue a certificate of appealability.

## BACKGROUND

In 2001, petitioner was convicted of aggravated criminal sexual abuse against a mentally disabled ten-year-old boy and sentenced to seven years in prison. Petitioner had previously been convicted of aggravated criminal sexual abuse against an eleven-year-old girl in 1992 and was imprisoned for three years. In re Commitment of Simmons, 2012 IL App (1st) 112375-U. In 2005, before petitioner was released from prison, the State filed a petition to have petitioner involuntarily committed as a sexually violent person ("SVP") under the Illinois Sexually Violent Persons Commitment Act ("SVP Act"). See 725 ILCS 207/30.

To commit an individual as an SVP, the State must demonstrate that he or she "has been convicted of a sexually violent offense" and "is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual

violence." 725 ILCS 207/5(f).[1] The State's petition was supported by a written report from clinical psychologist Dr. Craig Shifrin.[2] Petitioner refused to participate in Dr. Shifrin's evaluation, and Dr. Shifrin instead assessed petitioner's prior criminal history, including allegations of sexual abuse against adolescents that did not result in convictions, and sexually offensive behavior with inmates in prison.[3] The report also noted that petitioner refused to seek sex offender treatment and violated his probation after release from prison for his 1992 conviction. Dr. Shifrin's report concluded that petitioner suffered from "paraphilia not otherwise specified (NOS)",[4] which predisposed him to commit future acts of sexual violence, making him a danger to others.[5] Thus, the court determined that the report and the State's petition showed petitioner met the criteria for an SVP probable cause hearing.

---

[1] Once a petition is filed, the court determines whether to detain the individual who is the subject of the petition. 725 ILCS 207/30(b). Detention, if ordered, is temporary until a hearing in which the State establishes probable cause for the individual's involuntary commitment. Id. If the court determines after the hearing that probable cause has been established, the case proceeds to trial. Id.

[2] This court notes that the SVP Act does not require an evaluation before the petition or probable cause hearing. An evaluation is ordered after the probable cause hearing if the court finds there is probable cause to believe the individual is an SVP. 725 ILCS 207/30(c).

[3] Pursuant to the SVP Act, if the individual refuses to be interviewed for the evaluation, the evaluator must rely on the individual's records, including arrest reports, criminal history reports, mental health and psychiatric reports, medical files, and, if applicable, inmate disciplinary reports. 725 ILCS 207/30(c).

[4] The criteria for Paraphilia NOS includes recurring intense sexual urges towards children or nonconsenting persons for longer than six months.

[5] Dr. Shifrin also diagnosed petitioner with "Rule Out Antisocial Personality Disorder", and "Rule Out Alcohol Abuse in a controlled environment." For purposes of this habeas petition and related appeals, paraphilia NOS is the apposite diagnosis.

On the same day that the State's petition was filed, the court ordered petitioner detained pending a probable cause hearing. The SVP Act requires a probable cause hearing within 72 hours, once the individual is detained, unless the court grants a continuance upon the motion of the respondent for good cause.[6] Petitioner waived the 72-hour requirement. The parties then delayed the probable cause hearing for two years.[7]

In December 2006, the State requested an updated evaluation of petitioner. Clinical psychologist Dr. Ray Quackenbush conducted the new evaluation and also testified at the probable cause hearing in 2007. Petitioner refused to participate in the new evaluation and, accordingly, Dr. Quackenbush reviewed petitioner's master file, which included his past criminal history. He also read Dr. Shifrin's evaluation. Dr. Quackenbush concluded petitioner suffered from "pedophilia sexually attracted to both genders exclusive type."[8]

The initial probable cause hearing took place on October 15, 2007, and the court found probable cause that petitioner qualified as an SVP. The State filed an amended petition to change the diagnosis from paraphilia to pedophilia,[9] reflecting Dr. Quackenbush's report and testimony at the probable cause hearing. The case then proceeded to trial. In May 2011, a jury

---

[6] Typically, if the court grants the continuance, it can be for no more than seven additional days. 725 ILCS 207/30(b). In January 2007, petitioner filed an interlocutory appeal and motion to dismiss, with prejudice, the SVP petition because the court failed to hold a probable cause hearing within the time period set forth in the SVP Act. The motion was denied because both petitioner and the State had agreed to the continuances.

[7] On numerous occasions between August 2005 and January 2007, the parties appeared before the state court judge and agreed upon multiple continuances.

[8] According to the Diagnostic and Statistics Manual of Mental Disorders, pedophilia is a type of paraphilia.

[9] Either paraphilia or pedophilia can serve as a basis for a probable cause hearing.

found petitioner to be an SVP, and he was placed in the custody of the Illinois Department of Human Services.

Prior to the SVP trial, in February 2011, petitioner filed a state habeas corpus complaint, alleging that Dr. Shifrin's report contained fraudulent evidence, and that the State's reliance, prior to the probable cause hearing, on the fraudulent report was unethical and violated his due process rights. The state trial court dismissed the complaint, finding that the State's petition for commitment was legally sufficient and that petitioner's allegation that Dr. Shifrin's report and diagnosis was fraudulent lacked merit. Petitioner appealed. The Illinois Appellate Court affirmed the trial court, finding no issues of arguable merit. See In re Commitment of Simmons, No. 1-11-1646 (Ill. App. Ct. June 28, 2012). Petitioner then filed a Petition for Leave to Appeal (PLA) to the Illinois Supreme Court, which was denied. In re Commitment of Simmons, 982 N.E.2d 769 (Ill. 2013).

On April 24, 2013, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising one claim: that the State's reliance on allegedly false evidence and Dr. Shifrin's allegedly fraudulent misrepresentation in his diagnosis and report was unethical and violated petitioner's due process rights.

## LEGAL STANDARD

The AEDPA governs this petition and protects against "extreme malfunctions" in state court. Harrington v. Richter, 131 S.Ct. 770, 786 (2011). It allows federal courts to issue a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Harrington, 131 S.Ct. at 783. Federal courts do

not grant habeas relief based on state law errors. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984).

An application for a writ of habeas corpus shall be granted only if the state court decision was "(1)...contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2)...based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The standard to grant a writ of habeas corpus is highly deferential and difficult to satisfy. Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). Great deference is granted to the state court, and its decision is ordinarily presumed to be correct. Burt v. Titlow, 134 S.Ct. 10, 13 (2013).

To determine what is "contrary" to established federal law under § 2254(d)(1), federal habeas proceedings are limited to the record that the state court relied upon to adjudicate petitioner's claim. Greene v. Fisher, 132 S.Ct. 38, 44 (2011). If the rule applied by the state court contradicts a governing federal law or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and . . . arrives at a result different from [the Supreme Court's] precedent," then the state court decision is "contrary" to federal law. Williams v. Taylor, 529 U.S. 362, 405-6 (2000); see also Cullen, 131 S.Ct. at 1399.

A state court decision is "unreasonable" if it was "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S.Ct. at 786-87. "This 'unreasonable application'

prong permits the writ to be granted when a state court identifies the correct governing legal principle but unreasonably applies it to the facts of a petitioner's case." Wiggins v. Smith, 539 U.S. 510, 511 (2003). To meet this prong, the state court's decision cannot just be erroneous, but must have been "objectively unreasonable." Id. The state court's determination on the facts is not unreasonable even if the federal court would have reached a different conclusion. Wood v. Allen, 558 U.S. 290, 301 (2010).

## ANALYSIS

Petitioner's pro se petition for habeas corpus relief alleges that the State committed an ethical violation and also violated petitioner's substantive due process rights by relying on "non-existent evidence" of petitioner's preference for adolescents and Dr. Shifrin's "fraudulent misrepresentation." Petitioner argues that he does not meet the criteria for the "fraudulent" diagnosis of paraphilia NOS and therefore, his detention should be void.[10]

Petitioner first argues that Dr. Shifrin's report and diagnosis of paraphilia NOS was "fraudulent" and was a "false claim," and therefore, the State wrongfully used it to establish probable cause under 725 ILCS 207/30(a). Yet, petitioner has not presented evidence to demonstrate that the report and the State's reliance was "fraudulent." Dr. Shifrin's report and diagnosis reflect petitioner's records including prior arrests and convictions, and petitioner has not shown that this report is "false" or "fraudulent" in any way.

---

[10] To the extent petitioner is arguing violations of state law, this claim is not cognizable in a federal habeas proceeding. Estelle, 502 U.S. at 67 (stating that matters of state law are outside the purview of federal habeas corpus); Lambert v. Davis, 449 F.3d 774, 778 (7th Cir. 2006) ("Federal habeas courts lack subject-matter jurisdiction over [state law] issues.").

Even if petitioner's claim that Dr. Shifrin presented a "fraudulent misrepresentation" on which the State relied was cognizable, petitioner has not demonstrated that the State's use of Dr. Shifrin's diagnosis and report, and the state court's decision to uphold the detention, was contrary to Supreme Court precedent. The Supreme Court grants fewer procedural safeguards to those detained for civil commitment than those detained for criminal acts. See Kansas v. Hendricks, 521 U.S. 346, 356 (1997) (holding that Kansas' SVP statute is constitutional and constitutional protections afforded to criminal defendants were not available in civil proceedings because involuntary commitment was not "punitive"); McGee v. Bartow, 593 F.3d 556, 576 (2010) (discussing that "civil commitment upon a finding of a 'mental disorder' does not violate due process" and instead, the court should focus on distinguishing between "the typical dangerous recidivist and the offender whose dangerousness is caused by some identifiable mental condition that impairs his ability to refrain from activity dangerous to others"). Involuntary commitment is upheld "provided the confinement takes place pursuant to proper procedures and evidentiary standards." Hendricks, 521 U.S. at 357; see also Varner v. Monohan, 460 F.3d 861, 864 (7th Cir. 2006) ("The Supreme Court has told us that civil commitment of persons with both mental defects and dangerous proclivities comport [sic] with the Constitution."). The commitment of an SVP under Illinois law is constitutional, and the detainee is not entitled to the same protections as a criminal defendant. See Hendricks, 521 U.S. at 356; In re Det. of Samuelson, 189 Ill.2d 548, 557-59, 727 N.E.2d 228 (2000) (holding that Illinois' SVP law is constitutional under Hendricks).

Petitioner has not cited any Supreme Court precedent, nor does any exist, that holds that a habeas petitioner is entitled to relief based on alleged error at the probable cause stage of civil

commitment. In comparable criminal proceedings, a dismissal of a guilty verdict based on alleged error in a grand jury indictment is rare. United States v. Mechanik, 475 U.S. 66, 71 (1986). In general, an error that does not affect a substantial right or substantially influence the grand jury's decision does not require automatic reversal. Id. at 70-1 ("[A] petit jury's subsequent guilty verdict means . . . that there was probable cause to believe that the defendants were guilty as charged . . . [and therefore] any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt."); Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988) (holding that an indictment should not be dismissed because of prosecutorial misconduct and irregularities during grand jury proceedings); United States v. Vincent, 416 F.3d 593, 600 (7th Cir. 2005) (holding that defendant's challenge to his indictment for mail or wire fraud failed because he did not show that any alleged misrepresentations would have mattered to the grand jury); United States v. Vargas, 16 F.3d 155, 159 (7th Cir. 1994) (discussing that an inaccurate transcript used to determine probable cause was rendered harmless by the subsequent conviction).

Accordingly, the state court's decision was not contrary to any established Supreme Court precedent. Dr. Shifrin's report and diagnosis, even if "fraudulent," would be harmless error because both occurred in initial proceedings prior to the probable cause hearing. Petitioner has not shown that the alleged discrepancies between a paraphilia and pedophilia diagnosis would have substantially affected the probable cause hearing or subsequent trial. Even without evidence of prior arrests and the paraphilia diagnosis, petitioner's convictions for aggravated sexual abuse against pre-adolescent children and subsequent pedophilia diagnosis meet the SVP

Act criteria to progress to the probable cause hearing.[11] Thus, the alleged "fraudulent" misrepresentation" was not harmful to petitioner's substantive rights because the same conclusion would still have been reached; the State presented enough evidence in its petition to proceed to a probable cause hearing.

Further, petitioner has not demonstrated the State knowingly used the "fraudulent" diagnosis to detain him as an SVP, infringing on petitioner's due process rights. In the criminal context, if the State knowingly uses false or fraudulent evidence at trial, that use violates due process. Napue v. People of State of Ill., 360 U.S. 264, 269 (1959). If the State learns of false evidence after its use and allows it to go uncorrected, such actions by the State also violate due process. Id.; Bracy v. United States, 435 U.S. 1301, 1302 (1978). Here, petitioner fails to show that the State knew, had reason to know, or learned later that Dr. Shifrin's evaluation was allegedly fraudulent.

Petitioner meets the general criteria for an SVP, whether or not the alleged fraudulent evidence was used in the probable cause hearing. Moreover, a defective report and diagnosis in pre-trial proceedings does not invalidate a probable cause hearing. The State had the right to proceed to trial to determine if the petitioner should be detained under the SVP Act. Accordingly, the State did not violate petitioner's due process rights.

---

[11] Petitioner also argues that the paraphilia diagnosis relied on arrests prior to his criminal convictions, which do not demonstrate his preference to sexually abuse adolescents. Therefore, he does not suffer from paraphilia. To support his argument, petitioner relies on N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 454 (7th Cir. 1998). This argument is immaterial because even if this court applied N. Ind. Gun, petitioner would still qualify as an SVP.

9

## II. Certificate of Appealability

Under 28 U.S.C. § 2253(c), a petitioner may take his or her claim before the court of appeals only if a district court issues a certificate of appealability. For a district judge to grant the certificate, the petitioner must show a substantial denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This includes "showing that reasonable jurists could debate whether . . . the petitioner should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). If the district court rejects the constitutional claims on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Further, if "the district court denies the habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim," the court should issue a certificate of appealability, only if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Here, this court concludes that: (1) petitioner has not presented evidence to show that the state court unreasonably determined facts in light of evidence presented; (2) petitioner has not established that the State's reliance on the alleged "fraudulent" report and diagnosis was contrary to Supreme Court precedent; (3) petitioner has not presented Supreme Court precedent that holds that a habeas petitioner is entitled to relief based on alleged error at the probable cause stage of civil proceedings; and (4) petitioner has not shown that the State knowingly used the "fraudulent" diagnosis to detain him, infringing on due process rights. Based on the foregoing

analysis, a reasonable jurist would not find it debatable whether petitioner stated a valid denial of a constitutional right. Further, a reasonable jurist would not find it debatable whether the district court's procedural ruling was correct. The court therefore declines to issue a certificate of appealability on petitioner's claims.

## CONCLUSION

For the reasons discussed above, the petition for writ of habeas corpus is denied. The court declines to issue a certificate of appealability.


**ENTER:** August 6, 2014

_____
**Robert W. Gettleman**
**United States District Judge**